UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. CLAIR MARINE SALVAGE, INC.,

    Plaintiff and Counter-Defendant,

v.

M/Y BLUE MARLIN, MC No. 5937 RL, *in rem*, and STEVEN J. LEBOWSKI, *in personam*,

    Defendants and Counter-Plaintiffs,

and

STEVEN J. LEBOWSKI, and M/Y BLUE MARLIN, MC No. 5937 RL,

    Third-Party Plaintiffs,

v.

BOATUS, BOAT AMERICA, WEST MARINE PRODUCTS CORPORATION, and BOAT/US,

    Third-Party Defendants.
_____/

Case No. 13-14714

Hon. Patrick J. Duggan

## ORDER GRANTING IN PART AND DENYING IN PART LEBOWSKI'S MOTION FOR BOND OR OTHER SECURITY

This is an admiralty case arising out of Plaintiff and Counter-Defendant St. Clair Marine Salvage, Inc.'s ("St. Clair") salvage of a recreational boat. St. Clair instituted this action against Defendant and Counter-Plaintiff M/Y Blue Marlin,

No. 5937 RL (the "Vessel") *in rem* and against its owner, Defendant, Counter-Plaintiff, and Third-Party Plaintiff Steven J. Lebowski, *in personam* to enforce a maritime lien in connection with the salvage, claiming that Lebowski owes in excess of $16,200 in labor costs and other damages. The following day, the Court issued a Warrant of Arrest and Notice *In Rem* pursuant to Rule C of the Supplemental Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter, "Admiralty Rules"). Despite the passage of time since the issuance of the warrant, the warrant has not yet been executed and the Vessel, therefore, has not been arrested. Defendants subsequently brought *in personam* counterclaims against St. Clair, alleging a variety of claims in connection with the salvage including fraud and innocent misrepresentation.[1]

Presently before the Court is Defendant and Counter-Plaintiff Lebowski's Motion for Bond or Other Security. In this motion, which has been fully briefed and was the subject of a motion hearing conducted on May 19, 2014, Lebowski seeks an order staying the execution of the Warrant of Arrest and Notice *In Rem* issued by this Court on November 15, 2013. Lebowski also asks that the Court require St. Clair to post countersecurity in light of the counterclaims that he has

---

[1] Defendants also filed a Third-Party Complaint. The allegations contained in the Third-Party Complaint have no bearing on the instant decision and are therefore not addressed herein.

asserted against it. As stated on the record at the motion hearing, the Court grants in part and denies in part Lebowski's Motion for Bond.

## I. MOTION FOR BOND OR OTHER SECURITY

### A. Admiralty Rule E(5): Security to Stay Execution of Arrest

Admiralty Rule E(5) governs the release of property in actions *in rem*. This rule, in pertinent part, provides:

> (a) Special Bond. Whenever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court, or of any appellate court. The parties may stipulate the amount and nature of such security. In the event of the inability or refusal of the parties so to stipulate the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum.

Admiralty R. E(5)(a).

In his Motion for Bond, Lebowski appears to make an offer to stipulate. Lebowski indicates that he received a check in the amount of $11,200 for damage to the Vessel and that he has been holding this "sum in an attorney's trust account for disposition on resolution of the action." (Def.'s Br. 3; Def.'s Mot. Ex. A.) Lebowski proposes that the parties enter into a stipulation pursuant to Admiralty Rule E(5)(a) and that he will continue to hold "the insurance proceeds in an

attorney's trust account for dispersal to plaintiff or return to the insurer depending on the outcome of the action."[2] (Def.'s Br. 5.) St. Clair did not respond to this proposed stipulation; as a result, the Court must determine the proper amount of the bond. Admiralty R. E(5)(a).

Contrary to Lebowski's assertion that "Plaintiff['s] claim is for the sum certain of $16,200[,]" (Def.'s Br. 6), St. Clair's Complaint clearly indicates that the purported Salvage Agreement provided that Lebowski would cover attorney's fees, which have continued to accrue since the filing of the underlying complaint, (Compl. ¶ 18). Therefore, and despite Lebowski's desire to post security in an amount less than St. Clair's claims, the proposed $11,200 security is insufficient to stay the execution of the arrest warrant. Admiralty Rule E(5)(a) clearly directs courts to "fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs[.]" Because St. Clair has undoubtedly incurred additional attorney's fees since the filing of its Complaint by way of responding to the present motion, the Court orders Lebowski to post bond in the amount of $20,000. This bond is subject to the conditions set forth in Admiralty Rule E(5)(a). Admiralty R. E(5)(a) ("The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum."). If, and only if, Lebowski posts

---

[2] According to Lebowski's Response, St. Clair "submitted a claim to the insurer, which cut [him] a check[.]" (Def.'s Resp. 4.)

4

bond in a manner to be worked out by the parties, execution of the Court's November 15, 2013 arrest warrant shall be stayed.

**B.     Admiralty Rule E(7): Posting of Countersecurity**

Where, as here, counterclaims have been filed against the party instituting the action, Admiralty Rule E(7)(a) governs.  This rule addresses the posting of countersecurity and provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise.  Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

Admiralty R. E(7)(a).

Lebowski contends that because he has alleged counterclaims against St. Clair, St. Clair should be required to post bond.  Having reviewed the briefs and having heard the arguments of the counsel, the Court is not persuaded that St. Clair should be required to post bond.

## II.     CONCLUSION AND ORDER

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Lebowski's Motion for Bond or Other Security.  The Court **ORDERS** Lebowski to post bond in the amount of **$20,000** should he wish to stay

5

execution of the arrest warrant. The details of the posting of bond are to be worked out between the parties.

    **IT IS SO ORDERED**.

Date: May 21, 2014

                                <u>s/PATRICK J. DUGGAN</u>
                                UNITED STATES DISTRICT JUDGE

Copies to:

**Brandon John Wilson, Esq.**
**Kenneth B. Vance, Esq.**
**Brian J. Miles, Esq.**